PER CURIAM.
The mother and stepfather of an injured minor, on their own as well as his behalf, appeal the directed verdict of the trial court in a tort suit instituted by them. We reverse and remand.
Appellants' amended complaint alleged that appellee Wright & Lopez had created an excavation on a swale at which Robert Schamel, then eight, was injured; that ap-pellee failed adequately to protect the traveling and cycling public; that appellee knew or reasonably should have known the location was in a residential area near a school, where young children lived and played; and that appellant knew or should have known children were playing on the mound of dirt created by the excavation. It was alleged Wright & Lopez had a duty of care to the minor plaintiff to refrain from maintaining a condition which was attractive to him and which created an unreasonable risk of harm which he was unlikely to appreciate. It was also alleged the site was not maintained in a reasonably safe condition for children attracted to it, nor was it secured to keep children out.
At the conclusion of plaintiffs' case, ap-pellee moved for a directed verdict, contending that it had breached no duty which could be considered the proximate cause of Robert’s injury. Plaintiffs argued a duty was breached because much of the time during which the excavation existed appel-lee knew there was no barricade around the hole, and that among the times there was no barricade was the time when Robert was injured; that the hole was located adjacent to an elementary school, and the injury occurred after school hours when children were playing in the area; that appellee knew or should have known in light of the activity of children in the area such barricades as it had deployed were insufficient, and should have taken greater precaution.
We conclude these were questions for the jury to decide. The question whether it was or was not an attractive nuisance is not the determinative issue; nor is the question whether the three-foot hole was or was not inherently dangerous. The determinative question to be resolved by the jury here was whether the contractor had done what should have been done to protect or to warn the plaintiff.
DOWNEY and GLICKSTEIN, JJ., and WETHERINGTON, GERALD T., Associate Judge, concur.